

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CANDAISE HARRIS, ON BEHALF OF MINOR CHILD, TB,<br><br>Plaintiffs, | Civil Action |
| -vs- | No. 18cv5654 |
| SOUTHEAST DELCO SCHOOL DISTRICT; DR. STEPHEN D. BUTZ, SUPERINTENDENT; DR. JEFFREY RYAN, ASSISTANT SUPERINTEN - DENT; MR. DENNIS KRAUS, SUPERVISOR OF TRANSPORTATION; MS. PATRICIA ROSE, ASSISTANT SUPERVISOR OF TRANSPORTATION; MS. MICHELLE MCGLYNN, SUPERVISOR OF SPECIAL EDUCATION; MS. CHERYL SMYTHE, SUPERVISOR OF SPECIAL EDUCATION; MS. COLLEEN BURKE, SOUTHEAST DELCO SCHOOL BOARD; MS. THERESA HARRIS-JOHNSON, PRESIDENT; MRS. TAMMI FORBES, VICE PRESIDENT; MRS. DOROTHY GALLAGHER; MS. RACQUEL IRONS; MR. EDWARD MCBRIDE; MS. SHEREE MONROE; MR. CLIFFORD WILSON; DR. SHARON WILSON; MS. CYNTHIA WOODFOLK; DR. STEPHEN D. BUTZ, SUPERINTENDENT; MISS ENIOLAYE AJIBOYE; MISS NIDIA SCOTT-ROBINSON; STACEY RAY, PRINCIPAL; MARK PONTZER, ASSISTANT PRINCIPAL; CHILD GUIDANCE RESOURCE CENTERS, INC.; MS. COLLEEN MCNICHOL, CHIEF EXECUTIVE, OFFICER; MS. AMY MEADOWS-MARTELLA, CHIEF OPERATIONS OFFICER; CHILD GUIDANCE BOARD OF DIRECTORS; MR. RONALD EYLER, BOARD CHAIR; | DEMAND FOR JURY TRIAL |

MS. CAROL HANSON, VICE CHAIR; MS. CATHY DORRICOTT; MR. TIM DILLON; MR. JACK LIPPART; MR. MIKE MIELE; MR. KEVIN DOLAN; MR. R. GREGORY SCOTT; MR. CARL SCHULTZ; MS. NICOLE M. RANDALL; MR. ROBERT FARRINGTON; MS. CHRISTINE REUTHER; MS. MEGAN SCHMIDT; DR. MARGARITA LORCH; MR. JAMES WILEY; MR. ERIC TRAUGOTT; MR. RICHARD KRON; MR. ROGER M. NAUT; MS. LUCILLE ARSLANIAN; MR. GEORGE JAMES, JR.; COMMUNITY TRANSIT OF DELAWARE COUNTY, INC.; MR. DAVID TROUT, EXECUTIVE DIRECTOR; MS. LISA SOLTNER, DIRECTOR OF OPERATIONS; DEFENDANT "A"; AND, THOSE OTHER PERSONS, CORPORATIONS, FIRMS, OR OTHER ENTITIES WHOSE WRONGFUL CONDUCT CAUSED OR CONTRIBUTED TO CAUSE THE INJURIES AND DAMAGES TO PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO PLAINTIFFS AT THIS TIME, BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED,

Defendants

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, Conrad J. Benedetto, and for their Complaint against the Defendants, state as follows:

## I. Introduction

1. This is a civil action arising under Section 504, Rehabilitation Act of 1973 (29 U.S.C. Section 794); Individuals with Disabilities Education Improvement Act of 2004 (20 U.S.C. Section 1400); 42 U.S.C. Section 1983; The Due Process Clause of the Fourteenth Amendment of the United States Constitution; 22 Pa. Code Section 14; 22 Pa. Code Section 15; and Commonwealth of Pennsylvania tort laws.

## II. Parties

2. Plaintiff Candaice Harris is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County. She is the Mother of Plaintiff TB.

3. Plaintiff TB is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County. He is the minor Son of the Plaintiff Candaice Harris.

4. The name "TB" is used as a pseudonym, which is used here in order to protect the identity of Plaintiff TB, in view of the fact that the Plaintiffs here are both challenging government activity, that the information required to be disclosed herein is of the utmost privacy, and that Plaintiff TB is a minor. *See* Doe v. Megless, 645 F.3d 404 (3d. Cir. 2011).

5. Defendant Southeast Delco School Board is a political subdivision of the Commonwealth of Pennsylvania. Defendant may be served by delivering a copy of the summons and the Complaint to its chief executive officer Dr. Stephen D. Butz, 1560 Delmar Drive, Folcroft, PA 19032, pursuant to FRCP 4(j)(2).

6. Defendant Southeast Delco School Board is the District's policymaking body responsible for the formulation and implementation of the Southeast Delco School District's policies and procedures.

7. Defendants Southeast Delco School Board and Southeast Delco School District are alter egos for the purposes of this litigation and are joint tortfeasors and joint state actors with respect to each cause of action alleged herein.

8. Defendant Stephen Butz is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the superintendent of the Southeast Delco School District. Defendant is sued individually and in his official capacity.

9. Defendant Jeffrey Ryan is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the assistant superintendent of the Southeast Delco School District. Defendant is sued individually and in his official capacity.

10. Defendant Dennis Kraus is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the supervisor of transportation of the Southeast Delco School District, and was directly responsible for the execution of the District's policies relating to school buses

and transportation of students. Defendant is sued individually and in his official capacity.

11. Defendant Patricia Rose is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the assistant supervisor of transportation of the Southeast Delco School District, and was directly responsible for the execution of the District's policies relating to school buses and transportation of students. Defendant is sued individually and in her official capacity.

12. Defendant Michelle McGlynn is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the supervisor of special education of the Southeast Delco School District, and was directly responsible for the execution of the District's policies relating to special education. Defendant is sued individually and in her official capacity.

13. Defendant Cheryl Smythe is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the supervisor of special education of the Southeast Delco School District, and was directly responsible for the execution of the District's policies relating to special education. Defendant is sued individually and in her official capacity.

14. Defendant Theresa Harris-Johnson is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the President of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

15. Defendant Tammi Forbes is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the Vice President of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

16. Defendant Dorothy Gallagher is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

17. Defendant Racquel Irons is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this

case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

18. Defendant Edward McBride is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in his official capacity.

19. Defendant Sheree Monroe is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

20. Defendant Clifford Wilson is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in his official capacity.

21. Defendant Sharon Wilson is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

22. Defendant Cynthia Woodfolk is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

23. Defendant Eniolaye Ajiboye is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

24. Defendant Nidia Scott-Robinson is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Southeast Delco School Board, and was

directly responsible for the execution of the District's policies. Defendant is sued individually and in her official capacity.

25. Defendant Stacey Ray is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case principal of the Delcroft Elementary School at the time relevant to this case. Defendant is sued individually and in her official capacity.

26. Defendant Mark Porter is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case assistant principal of the Delcroft Elementary School at the time relevant to this case. Defendant is sued individually and in his official capacity.

27. Defendant Child Guidance Resource Centers, Inc. is a non-profit organization operating in the Commonwealth of Pennsylvania. Child Guidance Resource Centers, Inc. is duly organized and existing under the laws of the Commonwealth of Pennsylvania, and conducts substantial operations at 2000 Old West Chester Pike, Havertown, Pennsylvania 19083.

28. Defendant Colleen McNichol is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the Chief Executive Officer of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

29. Defendant Amy Meadows-Martella is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the chief operations cfficer of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

30. Defendant Ronald Eyler is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the Chair of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

31. Defendant Carol Hanson is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the Vice Chair of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

32. Defendant Cathy Dorricott is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

33. Defendant Tim Dillon is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

34. Defendant Jack Lippart is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

35. Defendant Mike Miele is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

36. Defendant Kevin Dolan is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

37. Defendant R. Gregory Scott is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

38. Defendant Carl Schultz is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

39. Defendant Nicole Randall is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

40. Defendant Robert Farrington is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

41. Defendant Christine Reuther is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all

times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

42. Defendant Megan Schmidt is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

43. Defendant Dr. Margarita Lorch is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

44. Defendant James Wiley is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

45. Defendant Eric Traugott is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

46. Defendant Richard Kron is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

47. Defendant Roger Naut is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

48. Defendant Lucille Arslanian is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in her official capacity.

49. Defendant George James, Jr. is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case a Member of the Board of Directors of Child Guidance Resources Centers, Inc. Defendant is sued individually and in his official capacity.

50. Defendant Community Transit of Delaware County, Inc. is a non-profit organization operating in the Commonwealth of Pennsylvania. Community Transit of Delaware County, Inc. is duly organized and existing under the laws of the Commonwealth of Pennsylvania, and conducts substantial operations at 206 Eddystone Avenue, Suite 200, Eddystone, Pennsylvania 19022.

51. Defendant David Trout is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the Executive Director of Community Transit of Delaware County, Inc. Defendant is sued individually and in his official capacity.

52. Defendant Lisa Soltner is a natural person who is a citizen of the Commonwealth of Pennsylvania and a resident of Delaware County and was at all times relevant to this case the Director of Operations of Community Transit of Delaware County, Inc. Defendant is sued individually and in her official capacity.

53. Defendant "A" is a natural person who is a citizen and resident of the Commonwealth of Pennsylvania and was at all times relevant to this case a van driver for Defendant Community Transit of Delaware County, Inc. and drove the van that Plaintiff TB was assigned to. Defendant is sued individually and in his official capacity.

## III. Jurisdiction and Venue

54. This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. Section 1331, as the action arises under Federal law, specifically 29 U.S.C. Section 794, 20 U.S.C. Section 1400, 42 U.S.C. Section 1983, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

55. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over Plaintiff's state tort claims because the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

56. Venue is proper pursuant to 28 U.S.C. Section 1391(b)(1) as this Court encompasses a judicial district where any Defendant resides and all Defendants reside in the Commonwealth of Pennsylvania.

## IV. Facts

57. Plaintiff TB was 7 years old during the 2017-2018 school year. TB was enrolled in an after school autism program at Defendant Child Guidance Resource Centers, Inc.

At all times relevant hereto, TB has autism and attention-deficit/hyperactivity disorder (ADHD).

58. At all times relevant hereto, during the 2017-2018 school year, Plaintiff TB took a van operated by Defendant Community Transit of Delaware County, Inc. from TB's home to his autism program at Defendant Child Guidance Resource Centers, Inc. At the end of program, TB would be returned to his home via van operated by Community Transit of Delaware County.

59. At all times relevant hereto, Defendant Community Transit of Delaware County requested that Plaintiff Candaice Harris, Plaintiff TB's Mother, allow TB to be picked up at his elementary school (Delcroft Elementary School), instead of at his home, due to scheduling difficulties. Ms. Harris agreed to this arrangement. October 10, 2017 was the first day said arrangement was implemented.

60. At all times relevant hereto, on October 10, 2017, Defendant "A," a van driver, picked up Plaintiff TB after TB's after school program concluded at Defendant Child Guidance Resource Centers. The van had 5 rows of seats, and there were 5 children on the bus, including TB. TB would be the last child to be dropped off at home.

61. At all times relevant hereto, Defendants's policy or custom was that the van driver utilized an IPAD to mark a child off as he or she was dropped off at their destination. Apparently, Plaintiff TB, who was sitting in the back row, fell asleep. The Defendant "A" apparently marked TB off as having been delivered to his destination and subsequently drove to the location where Defendant Community Transit of Delaware County parked its vans and left TB in the van.

62. At all times relevant hereto, Plaintiff Candaise Harris received a telephone call from a representative of Defendant Community Transit of Delaware County. Said representative informed Ms. Harris that Plaintiff TB had been left in the van; that they were conducting an investigation; and that the workers who left him in the van would be penalized. Ms. Harris was further informed that a "person" was walking by the location where Community Transit of Delaware County parked its vans and saw TB in the van, and informed the office were the van had been parked. A "supervisor" employed by Community Transit of Delaware County arrived at Ms. Harris's home just prior to TB's arrival.

63. At all times relevant hereto, when Plaintiff TB arrived home, he was very upset, his face was ashy white, and he had dried tears on his face.

64. At all times relevant hereto, Plaintiff TB's Grandmother, Ms. Alicia Harris, contacted Fox News 29 and informed them of this matter. Fox News 29 said they would investigate. The following day, October 11, 2017, Fox News 29 contacted Plaintiff Candaise Harris and informed her that the defendant Community Transit of Delaware County had informed Fox News that the employees involved would be penalized.

65. At all times relevant hereto, Plaintiff TB had been involved in a previous incident, which is the subject of a separate lawsuit, where he had been left on a school bus operated by Defendant Southeast Delco School District. Defendant Delcroft Elementary School is within the school district of Defendant Southeast Delco School District. Defendant Delcroft Elementary School should have foreseen the risk that due to his ADHD and autism, Plaintiff TB could be left on the school van operated by Defendant Community Transit of Delaware County, Inc. and informed Defendant Community Transit of Delaware County, Inc. of said risk.

66. At all times relevant hereto, Defendants Community Transit of Delaware County, Inc. and Child Guidance Resources Centers, Inc. should have foreseen that their failure to adequately train van drivers, including Defendant "A," regarding the transportation of children with autism and ADHD would lead to injury to said students.

67. At all times relevant hereto, Defendants and each of them were acting under color of the laws and regulations of the Commonwealth of Pennsylvania. The Defendants had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of Plaintiff TB.

68. At all times relevant hereto, as a direct and proximate cause of Defendants inadequate policies and/or customs and Defendants failure to adequately train Defendant "A," Plaintiff TB was not properly discharged from Defendant Community Transit of Delaware County, Inc.'s van on 10/10/2017 and as a result was left alone for an extended period in the van in the location where Defendant Community Transit of Delaware County parked its vans and Plaintiff TB sustained considerable injuries as a result. Said injuries include: immediate trauma experienced as a result of being left on the van (when Plaintiff TB arrived home, he was very upset, his face was ashy white, and he had dried tears on his face ); TB has not been as active as he was prior to this incident; TB began wetting his bed, which he had not done prior to this incident; and TB and Plaintiff Candaice Harris no longer want TB to take the van operated by Defendant Community Transit of Delaware County, Inc. Defendants Child Guidance Resource Centers, Inc. and Community Transit of Delaware County refused to provide TB with an alternative means of transportation. As a result, TB no longer attends an autism after school program, which has caused him irreparable harm.

69. At all times relevant hereto, Plaintiffs allege that Defendants Community Transit of Delaware County, Inc. and Defendant Child Guidance Resource Centers, Inc. receive funding directly or indirectly from the United States Government and the Commonwealth of Pennsylvania in support of their operations.

## V. Count I – Violation of Constitutional Rights

70. Paragraphs 1 through 69 are herein realleged and incorporated by reference.

71. The exercise of these established policies and customs violated Plaintiff TB's clearly established rights under the United States Constitution to freedom from bodily injury, a liberty interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## VI. Count 2 – 42 U.S.C. Section 1983 Against Individual Defendants

72. Paragraphs 1 through 71 are herein realleged and incorporated by reference.

73. The constitutional deprivation alleged in paragraph 68 above was the result of the implementation and execution of the unconstitutional policies and customs alleged in paragraph 60 through 67 above by Defendants Butz, Ryan, Kraus, Rose, McGynn, Smythe, Burke, Byrd, Coybourn, Harris-Johnson, Forbes, Gallagher, Irons, McBride, Monroe, Clifford Wilson, Sharon Wilson, Woodfolk, Ajiboye, and Scott-Robinson, Ray, Pontzer, McNichol, Meadows-Martella, Eyler, Hanson, Dorricott, Dillon, Lippart, Miele, Dolan, Scott, Schultz, Randall, Farrington, Reuther, Schmidt, Lorch, Wiley, Traugott, Kron, Naut, Arslanian, James, Trout, and Soltner, who were school officials or employees; and/or receive funding directly or indirectly from the United States Government in support of their operations.

## VII. Count 3 – Section 504, Rehabilitation Act of 1973

74. Paragraphs 1 through 73 are herein realleged and incorporated by reference.

75. Local educational agencies may not exclude, in a discriminatory manner, individuals with disabilities from participation in any program or activities. See 29 U.S.C. Section 794. The Defendant "A"'s egregious act of leaving Plaintiff TB alone on a van in the location where Defendant Community Transit of Delaware County parked its vans is tantamount to discrimination as it left Plaintiff TB so traumatized that he

refused to take the van any longer thereby depriving him of that means of transportation to the after school autism program. Defendants Child Guidance Resource Centers, Inc. and Community Transit of Delaware County refused to provide TB with an alternative means of transportation. As a result, TB no longer attends an autism after school program and, therefore, is no longer able to received services in the least restrictive manner as provided for by Section 504. See 29 U.S.C. Section 794.

## VIII. Count 4 – Individuals With Disabilities Education Improvement Act of 2004 (IDEIA)

76. Paragraphs 1 through 75 are herein realleged and incorporated by reference.

77. The IDEIA mandates that students with disabilities must receive a "free appropriate education" (FAPE). See 20 U.S.C. Section 1400. The IDEIA requires the provision of specialized instruction and related services such that the child receives "sufficient educational benefits to satisfy the requirements of the ACT." *See* Bd. of Educ. v. Rowley, 458 U.S. 176, 102 S. Ct. 3034, 73 L. Ed. 2d 690, 1982 U.S. LEXIS 10, 50 U.S.L.W. 4925.

78. The Defendants "A"'s egregious act of leaving Plaintiff TB alone in a van in the location where Defendant Community Transit of Delaware County parked its vans amounted not to an educational benefit, but to a detriment to the Plaintiff TB in violation of the provisions of the IDEIA.

## IX. Count 5 – 22 Pa. Code Section 14

79. Paragraphs 1 through 78 are herein realleged and incorporated by reference.

80. Chapter 14, Title 22 of the Pennsylvania Code incorporates by reference all the Federal requirements of the IDEIA. *See* 22 Pa. Code Section 14.102. Hence, Defendants are liable to the Plaintiffs under Pennsylvania law pursuant to the violations of the IDEIA as alleged in Paragraphs 76 through 78.

## X. Count 6 – 22 Pa. Code Section 15

81. Paragraphs 1 through 80 are herein realleged and incorporated by reference.

82. Chapter 15, Title 22 of the Pennsylvania Code addresses a school districts's responsibilities pursuant to Section 504 of The Rehabilitation Act of 1973. *See* 22 Pa. Code Section 15.1(a). Hence, Defendants are liable to the Plaintiffs under Pennsylvania law pursuant to the violations of Section 504 as alleged in Paragraphs 74 through 75.

83. Chapter 15 of Title 22 indicates that a student filing a discrimination claim need not exhaust the procedures in Chapter 15 prior to initiating a court action under Section 504. *See* 22 Pa. Code Section 15.10.

## XI. Count 7 - Negligence

84. Paragraphs 1 through 83 are herein realleged and incorporated by reference.

85. As indicated in Paragraphs 59 through 68, Defendants Southeast Delco School District, Southeast Delco School Board, Defendants Child Guidance Resource Centers, and Community Transit of Delaware County, Inc. developed policies and customs that were inadequate for the safe transportation of students with disabilities; also said Defendants failed to adequately train Defendant "A." Said inadequate policies and customs, as well as failure to adequately train its student transportation employees, including Defendant "A," are patently obvious as Plaintiff TB, as student with autism and ADHD, was left alone on a van in the location where Defendant Community Transit of Delaware County parked its vans for an extended period of time, said period of time shall be accessed during discovery.

86. Said inadequate policies and customs, as well as failure to adequately train its student transportation employees constitute negligence.

87. Defendant "A" was at all times relevant hereto acting within the course and scope of his employment duties with Defendant Community Transit of Delaware County.

88. It was foreseeable that the lack of adequate policies, customs and van driver training would result in substantial harm to a student with ADHD and autism, such as Plaintiff TB.

89. Plaintiff TB's injuries were the direct and proximate result of Defendant's lack of adequate policies, customs and van driver training. Said injuries included: immediate trauma experienced as a result of being left in the van (when Plaintiff TB arrived home, he was very upset, his face was ashy white, and he had dried tears on his face ); TB has not been as active as he was prior to this incident; TB began wetting his bed, which he had not done prior to this incident; and TB and Plaintiff Candaice Harris no longer want TB to take the van operated by Defendant Community Transit of Delaware County, Inc. Defendants Child Guidance Resource Centers, Inc. and Community Transit of Delaware County, Inc. refused to provide TB with an alternative means of transportation. As a result, TB no longer attends an autism after school program, which has caused him irreparable harm.

90. Plaintiffs are entitled to recover, in addition, under the vehicle exception of the Tort Claims Act, as Plaintiff TB's injuries occurred on a van operated by Defendant Community Transit of Delaware County, Inc. *See* 42 Pa.C.S. Section 8553.

91. Defendants Southeast Delco School District and Southeast Delco School Board are liable for each act of negligence alleged herein pursuant to the principle of respondeat superior.

## XII. Damages

92. As a direct and proximate result of negligence, violation of state and Federal statutes and the United States Constitution alleged hereinabove, Plaintiff TB suffered the following injuries and damages:

    a. Medical Expenses in the past and future; and
    b. Psychological pain and suffering, mental anguish and emotional distress in the past and future

93. As a direct and proximate result of negligence, violation of state and Federal statutes and the United States Constitution alleged hereinabove, Plaintiff Candaice Harris suffered the following injuries and damages:

    a. Psychological pain and suffering, mental anguish and emotional distress in the past and future.

## XIII. Attorney Fees

94. It was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 20 U.S.C.A. § 1415(i)(3)(B)(i).

## XIV. Jury Demand

95. Plaintiffs demand trial by jury on each and every cause of action.

## XV. Prayer for Relief

96. For the foregoing reasons, Plaintiff respectfully prays for judgment against Defendants as follows:

a. Compensatory damages in excess of One Million Dollars (US$1,000,000);
b. Punitive damages in excess of One Million Dollars (US$1,000,000);
c. Prejudgment and postjudgment interest as allowed by law;
d. Attorney Fees;
e. Costs of suit; and
f. All other relief that the Court may deem just and proper.

Respectfully submitted this _______ day of 2018.

**CONRAD J. BENEDETTO**

**Attorney for Plaintiffs**

HB III

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-CV-5654

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Candaise Harris, on Behalf of Minor Child, TB, and Candaise Harris

**DEFENDANTS** SOUTHEAST DELCO SCHOOL DISTRICT; DR. STEPHEN D. BUTZ, SUPERINTENDENT; DR. JEFFREY RYAN, ASSISTANT SUPERINTENDENT; MR. DENNIS KRAUS, SUPERVISOR OF TRANSPORTATION; MS. PATRICIA ROSE; ASSISTANT

**(b)** County of Residence of First Listed Plaintiff Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C Section 794 and 20 U.S.C. Section 1400

Brief description of cause:
Individuals with Disabilities Education Improvement Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE 12/6/18

SIGNATURE OF ATTORNEY OF RECORD s/ Conrad J. Benedetto, Esquire

DEC - 6 2018

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

HB

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18-cv-5654

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1115 Burton Avenue, Sharon Hill, PA 19079

Address of Defendant: 1560 Delmar Drive, Folcroft, PA 19032

Place of Accident, Incident or Transaction: 1442 Chester Pike, Sharon Hill, PA 19079

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☒ No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☒ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ______ *Attorney-at-Law / Pro Se Plaintiff* CJB 1697 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Conrad J. Benedetto, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/17/2018 *Attorney-at-Law / Pro Se Plaintiff* CJB1697 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

DEC - 6 2018



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

: CIVIL ACTION
:
v. :
:
: NO. 18cv5654

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 1/9/2019 | | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC - 6 2018